UNITED STATES DISTRICT COURT
FOR THE SOUTHERN DISTRICT OF TEXAS
HOUSTON DIVISION

| | |
|---|---|
| ROMINA A. WILLIAMS,<br><br>  Plaintiff,<br><br>v.<br><br>SUNRISE CREDIT SERVICES, INC.,<br><br>  Defendant. | Case No. 4:21-cv-02114 |

**NOW COMES** Romina A. Williams ("Plaintiff"), by and through her undersigned attorneys, complaining as to the conduct of Defendant Sunrise Credit Services, Inc., ("Defendant") as follows:

## NATURE OF THE ACTION

1. Plaintiff brings this action seeking redress for Defendant's violations of the Fair Debt Collection Practices Act ("FDCPA"), 15 U.S.C. §1692, violation of the Telephone Consumer Protection Act ("TCPA") pursuant to 47 U.S.C. §227, and violations of the Texas Debt Collection Act ("TDCA") pursuant to Tex. Fin. Code Ann. § 392.

## JURISDICTION AND VENUE

2. Subject matter jurisdiction is conferred upon this Court by the FDCPA, TCPA, and 28 U.S.C. §§1331 and 1337, as the action arises under the laws of the United States.

3. Supplemental jurisdiction exists for the state claim pursuant to 28 U.S.C. § 1367.

4. Venue is proper in this Court pursuant to 28 U.S.C. §1391 as Plaintiff resides in the Southern District of Texas, Defendant conducts business in the Southern District of Texas, and a

1

substantial portion of the events or omissions giving rise to the claims occurred within the Southern District of Texas.

## PARTIES

5. Romina A. Williams is a natural person, over 18-years-of-age, who at all times relevant resided in Southern District of Texas.

6. Plaintiff is a "consumer" as defined by 15 U.S.C. § 1692a(3).

7. Plaintiff is a "person" as defined by 47 U.S.C. §153(39).

8. Plaintiff is a "consumer" as defined by Tex. Fin. Code Ann. § 392.001(1).

9. Sunrise Credit Services maintains its principal place of business at 260 Airport Plaza Blvd., Farmingdale, New York 11735.

10. Defendant is a "debt collector" as defined by 15 U.S.C. § 1692a(6) because (1) the principal purpose of Defendant's business is the collection of defaulted debt and (2) it regularly collects or attempts to collect debts owed or due or asserted to be owed or due another.

11. Defendant is a "debt collector" as defined by Tex. Fin. Code Ann. § 392.001(6) and (7).

## FACTUAL ALLEGATIONS

12. Around the Summer of 2020, after changing her cellular phone number, Plaintiff began receiving collection calls to her cellular phone number (713) XXX-8240, from Defendant attempting to collect an alleged debt unknown to Plaintiff, ("alleged debt").

13. At all relevant times, Plaintiff is the sole subscriber, owner, possessor, and operator of the cellular phone number ending in 8240.

14.     Plaintiff was perplexed as to why Defendant was calling her because the alleged debt Defendant was attempting to collect did not belong to her, as Defendant was calling for someone else under a different name in each call Plaintiff received.

15.     Plaintiff *never* provided her phone number to Defendant or otherwise expressly consented to Defendant's phone calls.

16.     Sometime in January 2021, Plaintiff answered a call from Defendant to inquire as to why Defendant was calling her.

17.     Upon learning that Defendant was calling for a person not matching the Plaintiff's name, Plaintiff informed Defendant that it had the wrong number and that she wanted the calls to cease.

18.     Despite knowing that Plaintiff was not who Defendant was looking for and that Plaintiff's phone number was the wrong number to reach that unknown consumer, Defendant continued to call Plaintiff at an unnecessary and harassing rate.

19.     On June 15, 2021, Plaintiff received a call from Defendant attempting to reach her and collect on the alleged debt.

20.     On the following day, June 16, 2021, Defendant *again* placed a call to Plaintiff's cellular phone in an attempt to collect on the alleged debt.

21.     On June 17, 2021, Plaintiff received an additional call from Defendant attempting to contact Plaintiff and collect on the alleged debt.

22.     Defendant has used numerous phone numbers to place collection calls to Plaintiff's phone number, including but not limited to (713) 369-5202, (713) 369-5200, (833) 506-0709, and (833) 506-0709.

23. Additionally, Defendant may have also used other phone numbers to place calls to Plaintiff's cellular phone in an attempt to collect on the alleged debt.

24. In the calls that Plaintiff did answer, Plaintiff was greeted by a noticeable period of "dead air" while Defendant's automated telephone system attempted to connect Plaintiff to a live agent.

25. Specifically, there would be an approximate 3 second pause between the time Plaintiff said "hello," and the time that a live agent introduced them self as a representative of Defendant.

26. Moreover, Plaintiff also hears what sounds to be call center noise in the background of each of Defendant's calls.

27. Upon information and belief, Defendant placed its calls to Plaintiff's cellular phone using an automated telephone dialing system ("ATDS"), a telephone dialing system that is commonly used in the credit collection industry to collect defaulted debts.

28. Notwithstanding Plaintiff's multiple requests that Defendant's collection calls cease, Defendant placed or caused to be placed numerous calls from mid-2020 through the present day in an attempt to collect on an alleged debt belonging to another person without Plaintiff's prior consent.

29. In total, Defendant placed numerous unwanted and unconsented phone calls to Plaintiff's phone number.

## DAMAGES

30. Defendant's harassing phone calls have severely disrupted Plaintiff's daily life and general well-being.

31. Defendant's phone harassment campaign and illegal collection activities have caused Plaintiff actual harm, including but not limited to, invasion of privacy, nuisance, intrusion upon and occupation of Plaintiff's cellular telephone capacity, wasting Plaintiff's time, the increased risk of personal injury resulting from the distraction caused by the incessant phone calls, aggravation that accompanies unsolicited telephone calls, emotional distress, mental anguish, anxiety, loss of concentration, diminished value and utility of telephone equipment and telephone subscription services, the loss of battery charge, and the per-kilowatt electricity costs required to recharge her cellular telephone as a result of increased usage of her telephone services.

32. In addition, each time Defendant placed a phone call to Plaintiff, Defendant occupied Plaintiff's telephone number such that Plaintiff was unable to receive other phone calls.

33. Concerned about the violations of her rights and invasion of her privacy, Plaintiff was forced to seek the assistance of counsel to file this action to compel Defendant to cease its unlawful conduct.

### COUNT I – VIOLATIONS OF THE FAIR DEBT COLLECTION PRACTICES ACT

34. Plaintiff restates and realleges paragraphs 1 through 33 as though fully set forth herein.

35. Plaintiff is a "consumer" as defined by FDCPA §1692a(3).

36. Defendant is a "debt collector" as defined by §1692a(6) because its primary business purpose is the collection of delinquent debts and it regularly collects debts and uses the mail and/or the telephones to collect delinquent accounts allegedly owed to a third party.

37. Moreover, Defendant is a "debt collector" because it acquired rights to the alleged debt after it was in default. 15 U.S.C. §1692a(6).

38. The alleged debt in which Defendant attempting to collect upon is a "debt" as defined by FDCPA §1692a(5) as it arises out of a transaction due or asserted to be owed or due to another for personal, family, or household purposes.

39. Defendant used the phone to attempt to collect the alleged debt from Plaintiff and, as such, engaged in "communications" as defined in FDCPA §1692a(2).

40. Defendant's phone communications to Plaintiff were made in connection with the collection of the alleged debt.

41. Defendant violated 15 U.S.C. §§1692c(a)(1), d, d(5), e, e(2), e(10), f, and f(1) through its unlawful debt collection practices on a debt that never belonged to Plaintiff.

    **a.  Violations of FDCPA § 1692c**

42. Defendant violated §1692c(a)(1) when it continuously called Plaintiff after being notified to stop and that she was not the correct person Defendant was attempting to contact. This repeated behavior of continuously and systematically calling Plaintiff's cellular phone after she demanded that it cease contacting her was harassing and abusive. Even after being told to stop contacting her and that she was not the owner of the debt, Defendant continued its onslaught of phone calls with the specific goal of oppressing and abusing Plaintiff into paying a debt that she did not legally owe as it belonged to another individual. Defendant's repeated actions of contacting Plaintiff on back-to-back days is inherently inconvenient to the consumer.

43. Moreover, Defendant was repeatedly notified by Plaintiff that she is not the individual it was looking for and that its calls were not welcomed. As such, Defendant knew that its conduct was inconvenient, unwanted, and distressing to her.

### b. Violations of FDCPA § 1692d

44. Defendant violated §1692d by engaging in abusive, harassing, and oppressive conduct by relentlessly calling Plaintiff's cellular phone seeking immediate payment on a debt that did not belong to her. Moreover, Defendant continued placing the calls after Plaintiff put Defendant on notice that she did not owe the alleged debt and demanded that the calls cease.

45. Defendant violated §1692d(5) by causing Plaintiff's cellular to ring repeatedly in an attempt to engage Plaintiff in conversations regarding the collection of a debt not owed by Plaintiff with the intent to annoy, abuse, or harass Plaintiff.

46. Defendant's repeated actions of contacting Plaintiff on back-to-back days is inherently harassing to the consumer.

47. Defendant's collection calls to Plaintiff were made with the specific intent of annoying, harassing, and abusing Plaintiff as Plaintiff informed Defendant she no longer wished to be contacted on her cellular phone.

### c. Violations of FDCPA § 1692e

48. Defendant violated §1692e, e(2), and e(10) when it used false, misleading, and deceptive means to collect and/or attempt to collect the alleged debt from Plaintiff. Defendant knowingly contacted the wrong party seeking to collect upon a debt not owed by Plaintiff. Even after being apprised of its unlawful acts, Defendant continued its harassing behavior by calling Plaintiff in a deceptive attempt to force her to answer its calls and ultimately make a payment, despite the debt not belonging to Plaintiff. Through its conduct, Defendant misleadingly represented to Plaintiff that it had the legal ability to contact her when it never had prior consent to do so in the first place.

### d. Violations of FDCPA § 1692f

49. Defendant violated §1692f and f(1) when it unfairly and unconscionably attempted to collect on a debt by continuously calling Plaintiff and asking to speak with an individual who was not Plaintiff. Defendant repeatedly attempted to dragoon Plaintiff into making a payment that she did not legally owe. These means employed by Defendant only served to worry and confuse Plaintiff.

50. Defendant had enough information to be aware of the fact that it was calling the wrong person. Nevertheless, it persisted with its phone call campaign in contacting the wrong individual, and knew that its conduct was inconvenient and harassing to Plaintiff.

51. As an experienced debt collector, Defendant knew or should have known the ramifications of collecting on a debt through incessant harassing phone calls to the phones of consumers that do not legally owe such debt.

52. Upon information and belief, Defendant systematically attempts to collect debts through harassing conduct and has no procedures in place to assure compliance with the FDCPA.

53. As stated above, Plaintiff was severely harmed by Defendant's conduct.

**WHEREFORE**, Plaintiff ROMINA A. WILLIAMS respectfully requests that this Honorable Court:

a. Declare that the practices complained of herein are unlawful and violate the aforementioned statute;
b. Enjoin Defendant from continuing to contact Plaintiff;
c. Award Plaintiff statutory and actual damages, in an amount to be determined at trial, for the underlying FDCPA violations;
d. Award Plaintiff costs and reasonable attorney fees as provided under 15 U.S.C. §1692k; and
e. Award any other relief as the Honorable Court deems just and proper.

**COUNT II – VIOLATIONS OF THE TELEPHONE CONSUMER PROTECTION ACT**

54. Plaintiff restates and realleges paragraphs 1 through 53 as though fully set forth herein.

55. Defendant repeatedly placed or caused to be placed frequent non-emergency phone calls, including but not limited to the phone calls referenced above, to Plaintiff's cellular phone number using an automatic telephone dialing system ("ATDS") without Plaintiff's prior consent in violation of 47 U.S.C. §227 (b)(1)(A)(iii).

56. The TCPA defines ATDS as "equipment which has the capacity…to store or produce telephone numbers to be called, using a random or sequential number generator; and to dial such numbers." 47 U.S.C. §227(a)(1).

57. Defendant violated the TCPA by placing numerous phone call to Plaintiff's cellular phone between December 2020 and the present day, using an ATDS without her prior consent.

58. Any prior consent, if any, was revoked by Plaintiff's responsive revocations. Specifically, Plaintiff told Defendant's to stop calling her, revoking consent to be contacted on her cellular phone.

59. Defendant used equipment with the ability to store or produce cellular phone number to be used at random or sequential number generator and to dial such numbers without human intervention, as evidenced by the high number of phone calls.

60. As pled above, Plaintiff was severely harmed by Defendant's collection phone calls to her cellular phone by experiencing annoyance, harassment and aggravation.

61. Upon information and belief, Defendant knew its collection practices were in violation of the TCPA, yet continued to employ them to increase profits at Plaintiff's expense.

9

62. Defendant, through its agents, representatives, subsidiaries, and/or employees acting within the scope of their authority acted intentionally in violation of 47 U.S.C. §227(b)(1)(A)(iii).

63. Pursuant to 47 U.S.C. §227(b)(3)(B), Defendant is liable to Plaintiff for a minimum of $500 per violation. Moreover, pursuant to 47 U.S.C. §227(b)(3)(C), Defendant's willful and knowing violations of the TCPA triggers this Honorable Court's discretion to triple the damages to which Plaintiff is otherwise entitled to under 47 U.S.C. §227(b)(3)(C).

**WHEREFORE**, Plaintiff ROMINA A. WILLIAMS respectfully requests this Honorable Court for the following relief:

   a. Declare Defendant's phone calls to Plaintiff to be a violations of the TCPA;
   b. Award Plaintiff damages of at least $500 per phone call and treble damages pursuant to 47 U.S.C. § 227(b)(3)(B)&(C); and
   c. Awarding Plaintiff costs and reasonable attorney fees;
   d. Enjoining Defendant from further contacting Plaintiff; and
   e. Awarding any other relief as this Honorable Court deems just and appropriate.

## COUNT III – DEFENDANT'S VIOLATIONS OF THE TEXAS DEBT COLLECTION ACT

64. Plaintiff restates and realleges paragraphs 1 through 63 as though fully set forth herein.

65. Plaintiff is a "consumer" as defined by Tex. Fin. Code Ann. § 392.001(1).

66. The alleged debt is a "debt" and a "consumer debt" as defined by Tex. Fin. Code Ann. § 392.001(2) as it is an obligation, or alleged obligation, arising from a transaction for personal, family, or household purposes.

67. Defendant is a "debt collector" as defined by Tex. Fin. Code Ann. § 392.001(6) and (7).

### a. Violations of TDCA § 392.302

68. The TDCA, pursuant to Tex. Fin Code Ann. § 392.302(4), states that in debt collections, a debt collector may not oppress, harass, or abuse a person by causing a telephone to ring repeatedly or continuously, or making repeated or continuous telephone calls, with the intent to harass a person at the called number.

69. Defendant violated the TDCA when it attempted to collect on an alleged debt through nonstop calls placed to Plaintiffs cellular phone, with the intent to harass Plaintiff into making a payment to an alleged debt that was never owed by her. The representatives' abusive actions of excessive calling were made in an attempt to worry and coerce Plaintiff into making immediate payment, when Plaintiff never owed the alleged debt or gave Defendant permission to call her cellular phone. Defendant intentionally attempted to oppress Plaintiff into paying an alleged debt, unknown to Plaintiff, with numerous calls that may mislead an inexperienced consumer pay the debt through sheer harassment.

### b. Violations of TDCA § 392.304

70. The TDCA, pursuant to Tex. Fin. Code Ann. § 392.304(19), states that a debt collector may not use "any other false representation or deceptive means to collect a debt or obtain information concerning a consumer."

71. Defendant violated the TDCA when it used deceptive means to collect and/or attempt to collect the alleged debt from Plaintiff. Defendant knowingly contacted the wrong party seeking to collect upon a debt not owed by Plaintiff. Even after being told of its unlawful acts, Defendant continued its harassing behavior by calling Plaintiff in a deceptive attempt to force her to answer its calls and ultimately make a payment, despite the debt not belonging to Plaintiff.

Through its conduct, Defendant's false representation to Plaintiff that it had the legal ability to collect on the alleged debt when it never had prior consent to do so is misleading and deceptive.

**WHEREFORE**, Plaintiff ROMINA A. WILLIAMS requests that this Honorable Court:

a. Declare that the practices complained of herein are unlawful and violate the aforementioned statute;
b. Entitling Plaintiff to injunctive relief pursuant to Tex. Fin. Code Ann. § 392.403(a)(1);
c. Award Plaintiff actual damages, pursuant to Tex. Fin. Code Ann. § 392.403(a)(2);
d. Award Plaintiff punitive damages, in an amount to be determined at trial, for the underlying violations;
e. Award Plaintiff costs and reasonable attorney fees as provided under Tex. Fin. Code Ann. § 392.403(b) ; and
f. Award any other relief as the Honorable Court deems just and proper.

**Plaintiff demands trial by jury.**

Dated: June 29, 2021                                             Respectfully Submitted,

/s/ Marwan R. Daher
Marwan R. Daher, Esq.
*Counsel for Plaintiff*
Sulaiman Law Group, Ltd
2500 South Highland Avenue
Suite 200
Lombard, IL 60148
Telephone: (630) 537-1770
mdaher@sulaimanlaw.com

/s/ Omar T. Sulaiman
Omar T. Sulaiman, Esq.
*Counsel for Plaintiff*
Sulaiman Law Group, Ltd
2500 South Highland Avenue
Suite 200
Lombard, IL 60148
Telephone: (630) 575-8141
osulaiman@sulaimanlaw.com